IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC X. RAMBERT, | : | |
| | : | |
| Petitioner, | : | CIVIL ACTION NO. 20-3604 |
| v. | : | |
| | : | |
| LEE STOCK, Warden SCI-Pine Grove, and | : | |
| JOSH SHAPIRO, PA Attorney General, | : | |
| | : | |
| Respondents. | : | |

## MEMORANDUM OPINION

Smith, J.                                                          September 14, 2020

The *pro se* petitioner has filed an application for leave to proceed *in forma pauperis*, a

petition for a writ of habeas corpus under 28 U.S.C. § 2254, and a motion for reconsideration

pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. As discussed below, the court will

treat the motion for reconsideration as a motion to amend or supplement the section 2254 habeas

petition because the petitioner cannot file a Rule 60 motion in this case insofar as the court has not

entered any orders at this early stage. In addition, although the court will grant the motion to amend

or supplement, the court must dismiss the habeas petition without prejudice because it is a

successive habeas petition. In fact, it appears to be the twelfth time the petitioner has challenged

the aggregation of his sentences or his convictions. Since the instant petition is a successive

petition, the court dismisses it for lack of subject-matter jurisdiction insofar as the petitioner did

not receive authorization from the Court of Appeals before filing it. The court will also deny the

motion for leave to proceed *in forma pauperis* because it is deficient.

## I.      PROCEDURAL HISTORY

The *pro se* petitioner, Eric X. Rambert ("Rambert"), commenced this action by filing a

handwritten petition for a writ of habeas corpus under 28 U.S.C. § 2254 that the clerk of court

docketed on June 4, 2020. *See* Doc. No. 1. In the petition, Rambert asserts that he pleaded guilty to charges of rape, robbery, and burglary on November 21, 1983, and he received a sentence of a minimum of ten years to a maximum of 25 years' incarceration. *See* Pet. for Writ of Habeas Corpus Pursuant to § 2254 ("Pet.") at 1, Doc. No. 1. Rambert alleges that he filed a petition for post-conviction collateral relief in July 1984, but he did not discover until 1999 that (1) the court appointed counsel for him for purposes of prosecuting the post-conviction petition, (2) the court held a hearing and then denied post-conviction relief in June 1985, and (3) appointed counsel withdrew as counsel and the court appointed new counsel to represent him. *Id.* at 1–2. Then, in 2005, Rambert discovered that a motion to remove him from the career offender program was filed on his behalf. *Id.* at 2. Rambert claims that he was 17 years old at the time of his offenses and should have never been placed in the career criminal program. *Id.* at 2–3. He asserts that placing him in the career criminal program violated his due process rights. *Id.* at 3.

Based on these allegations, Rambert raises two claims in the petition. First, he contends that he is entitled to have the court correct his sentence because he was a juvenile "pursuant to 61 Pa. Stat. Am. § 483 of the Youth Offenders Act." *Id.* at 4. He asserts that this section of the Act provided that court "may" sentence any male between the ages of 15 and 21 who has not been previously sentenced to state prison in Pennsylvania or elsewhere, or convicted of first-degree murder, second-degree murder, or another offense where the penalty is a mandatory term of life imprisonment, to the State Correctional Institution at Camp Hill. *Id.* Second, he argues that he was a youth offender and not a career criminal and, therefore, he received an illegal sentence.[1] *Id.* He

---

[1] Rambert appears to be asserting that he should have received a "six (6) year indeterminate sentence" which would have allowed the "Pa [B]oard of Probation and Parole . . . to release him on parole at anytime or . . . keep incarcerated until the end of the six year term." Pet. at 5.

also claims that he was unaware that he was placed in a career criminal program and denied the "specialized sentencing provisions" of the Youth Offenders Act. *Id.* at 5.

On June 30, 2020, Rambert filed two documents: an application for leave to proceed *in forma pauperis* and a motion for reconsideration under Federal Rule of Civil Procedure 60(b). Doc. No. 3, 4. In the motion for reconsideration, Rambert claims that due to *McQuiggin v. Perkins*, 569 U.S. 383 (2013) and *Satterfield v. District Attorney Philadelphia*, 872 F.3d 152 (3d Cir. 2017), he is entitled to reconsideration of prior habeas petitions (Civil Actions Nos. 11-3612, 12-3478, 13-7379, and 13-7246) that the courts dismissed as untimely. Mot. for Recons. Pursuant to Fed. R. Civ. P. 60(b) at 1, 2, Doc. No. 3. In particular, Rambert claims that he can demonstrate exceptional circumstances justifying relief. *Id.* at 2. In this regard, he argues that (1) his confession was "the product of corruption by police" because, even though he was a juvenile at the time of his arrest, the police questioned him at the time of his arrest without his attorney or parents present, (2) the police violated his "juvenile law rights" and his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966) when they questioned him at the police station, (3) he is actually innocent of the "crimes" because he found the stolen silverware in a bag while walking around and had an alibi for when the robbery and rape occurred (*i.e.* he was watching the NBA finals with his brother and then went to "Broad and Rockland" to join the celebration after the Philadelphia 76ers won the championship), (4) his trial counsel was ineffective for failing to file a motion to suppress his confession based on the grounds that he was a juvenile and the police violated his *Miranda* rights, (5) his trial counsel was ineffective for failing to investigate and present his alibi defense, (6) his trial counsel was ineffective when counsel coerced him to plead guilty by threating a possible high sentence if he went to trial, (7) his trial counsel was ineffective when he failed to challenge Rambert's inclusion in the career criminal program, (8) the trial court lacked subject-matter

jurisdiction and otherwise erred in denying the motion to remove Rambert from the career offender

program, and (9) the trial court's acceptance of his guilty plea was "void of processes" because

the court gave him an enhanced sentence while sitting in a "tribunal without jurisdiction." *Id.* at

2–6. Rambert separately filed two exhibits that he claims supports his motion for reconsideration.

Doc. No. 5.

## II.    DISCUSSION

As an initial note, although Rambert titles his non-*in forma pauperis* motion as a motion

for reconsideration, the court has construed this submission as an attempt to amend or supplement

his earlier filed habeas petition to add new grounds for habeas relief.[2] So construed, the court will

grant his motion to amend or supplement and consider the additional grounds raised in the motion

as though they had been raised in the initial habeas petition.

With this construction of Rambert's petition in mind, the court recognizes, however, that

he has previously filed at least eleven petitions for habeas relief seeking to challenging to

aggregation of his sentences or attacking his underlying convictions.[3] Because the instant petition

challenges his underlying convictions and sentence yet again, the petition is subject to the

authorization requirements of 28 U.S.C. § 2244(b).

---

[2] Although Rambert purports to bring this motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, this Rule is inapplicable here. By its express terms, Rule 60 governs requests for relief from a judgment or order of the court. *See* Fed. R. Civ. P. 60(b) ("On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . ."). At the time that Rambert filed the motion, the court had not yet entered an order or judgment in this matter. Accordingly, there is no basis to seek relief under Rule 60 at this time, and the court construes Rambert's motion liberally as seeking to amend or supplement his June 4, 2020 habeas petition. Additionally, to the extent that Rambert is seeking relief from other orders entered in other cases, filing the Rule 60(b) motion in this case is improper.

[3] *See, e.g.*, *Rambert v. Varner*, Civ. A. No. 01-2178 (E.D. Pa.), Doc. No. 1; *Rambert v. Wydner*, Civ. A. No. 06-1896 (E.D. Pa.), Doc. No. 1; *Rambert v. Shannon*, Civ. A. No. 11-1370 (M.D. Pa.), Doc. No. 1; *Rambert v. Varano*, Civ. A. No. 11-3612 (E.D. Pa.), Doc. No. 1; *Rambert v. Varano*, Civ. A. No. 12-3748 (E.D. Pa.), Doc. No. 1; *Rambert v. Mooney*, Civ. A. No. 13-7246 (E.D. Pa.), Doc. No. 1; *Rambert v. Mooney*, Civ. A. No. 13-7379 (E.D. Pa.), Doc. No. 1; *Rambert v. Mooney*, Civ. A. No. 15-1088 (W.D. Pa.), Doc. No. 1; *Rambert v. Overmyer*, Civ. A. No. 16-5790 (E.D. Pa.), Doc. No. 1; *Rambert v. Overmyer*, Civ. A. No. 17-42 (W.D. Pa.), Doc. No. 1-1; *Rambert v. Krasner*, Civ. A. No. 18-4874 (E.D. Pa.), Doc. No. 2.

The Antiterrorism and Effective Death Penalty Act provides that a petitioner cannot file a second or successive petition for habeas corpus relief in a district court without first seeking and receiving approval from the appropriate court of appeals. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *see also Benchoff v. Colleran*, 404 F.3d 812, 816 (3d Cir. 2005) ("As a procedural matter, § 2244(b)(3)(A) establishes a 'gatekeeping' mechanism that requires a prospective applicant to 'file in the court of appeals a motion for leave to file a second or successive habeas application in the district court.'" (quoting *Felker v. Turpin*, 518 U.S. 651, 657 (1996))). A district court lacks subject-matter jurisdiction to consider a second or successive habeas petition if the petitioner failed to first obtain approval from the court of appeals. *See Burton v. Stewart*, 549 U.S. 147, 157 (2007) ("The long and short of it is that [the petitioner] neither sought nor received authorization from the Court of Appeals before filing his...'second or successive' petition challenging his custody, and so the District Court was without jurisdiction to entertain it.").

"Section 2244 . . . does not define what constitutes a 'second or successive' petition." *Benchoff*, 404 F.3d at 816; *see also Christy v. Horn*, 115 F.3d 201, 208 (3d Cir. 1997) ("While the AEDPA requires [the procedure of first obtaining authorization from a court of appeals before filing a second or successive application], it does not define what is meant by 'second' or 'successive.'" (alteration to original)). Nonetheless, "'a prisoner's application is not second or successive simply because it follows an earlier federal petition.'" *Benchoff*, 404 F.3d at 817 (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)); *see also Stewart v. Martinez-Villareal*, 523 U.S. 637, 643 (1998) ("This may have been the second time that respondent had asked the federal courts to provide relief on his *Ford* claim, but this does not mean that there were two

separate applications, the second of which was necessarily subject to § 2244(b)).”). Instead, the second or successive “doctrine . . . bar[s] claims that could have been raised in an earlier habeas corpus petition.” *Benchof*, 404 F.3d at 817 (citations omitted). Nonetheless, “if a prisoner has filed a previous habeas petition that was adjudicated on the merits, he may not file a second or successive petition in the district courts without first seeking leave from the Court of Appeals.” *In re Stitt*, 598 F. App’x 810, 811 n.1 (3d Cir. 2015).

Upon review of the instant habeas petition, as amended and supplemented by the purported motion for reconsideration, the court concludes that the instant petition is a successive habeas petition. As indicated above, Rambert cannot file this successive petition seeking habeas corpus relief without first seeking and receiving approval from the Third Circuit Court of Appeals. *See Benchoff*, 404 F.3d at 917. Rambert has not sought or obtained an order from the Third Circuit allowing this court to consider the merits of the instant successive habeas petition. Accordingly, this court does not have subject-matter jurisdiction to consider it. *See* 28 U.S.C. § 2244(b)(3)(A); *Robinson v. Johnson*, 313 F.3d 128, 139–40 (3d Cir. 2002) (explaining that section 2244 “limits the authority of the district court to consider second or successive petitions without an order of the court of appeals”).

If “a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court’s only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631.” *Robinson*, 313 F.3d at 139; *see* 28 U.S.C. § 1631 (“Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed.”). When determining whether to transfer a habeas action to the court of appeals, the district court should

"consider whether the petitioner alleges sufficient facts to satisfy the gatekeeping requirement of the relevant habeas provision." *Lee v. Lane*, No. 1:15-CV-2195, 2017 WL 3167410, at *3 (M.D. Pa. June 23, 2017) (citations omitted); *see Hatches v. Schultz*, 381 F. App'x 134, 137 (3d Cir. 2010) ("In deciding that it would not be in the interest of justice to transfer the petition to the Fourth Circuit, the District Court properly considered whether Hatches had alleged facts sufficient to bring his petition within the gatekeeping requirement of § 2255 permitting 'second or successive' petitions based upon newly discovered evidence or a new rule of constitutional law." (citation omitted)).

As the court concludes that the instant petition is a second or successive petition, the only other question is whether to dismiss the petition or to transfer it to the Third Circuit. This question requires the court to examine whether Rambert has alleged sufficient facts to satisfy the gatekeeping requirement of the relevant habeas provision. *See Lee*, 2017 WL 3167410, at *3. The habeas statute provides that a district court must dismiss a second or successive habeas petition unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

Here, as Rambert has not identified his habeas petition as a successive petition, he understandably does not attempt to explain how his petition could qualify as a proper second or

7

successive petition under 28 U.S.C. § 2244(b)(2). Nonetheless, none of his claims appear to involve a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2244(b)(2)(A). In addition, while Rambert raises claims of innocence, he has not alleged that "the factual predicate for the claim[s] could not have been discovered previously through the exercise of due diligence," 28 U.S.C. § 2244(b)(2), or even attempted to identify any new evidence. While this court expresses no opinion about the merits of Rambert's claims, *see Hatches*, 381 F. App'x at 137 ("[T]his inquiry as to the factual predicate of Hatches' claims did not require—and the District Court did not express—any opinion on the merits of the claims."), the court finds that the interest of justice does not warrant transferring this matter to the Third Circuit. Accordingly, the court dismisses this matter without prejudice for lack of subject-matter jurisdiction.

The court also notes that Rambert's motion to proceed *in forma pauperis* is deficient and, as such, the court must deny it. Rambert failed to submit the required certification of his institutional account balance. *See* 28 U.S.C. § 1915(a)(2). Additionally, Rambert did not use a copy of the court's current application to proceed *in forma pauperis*, but instead drafted a motion on his own. Rambert's motion, however, does not contain sufficient financial information to grant him leave to proceed *in forma pauperis* in this action. Nevertheless, in light of the dismissal of this action for lack of subject-matter jurisdiction, no further action is required with respect to Rambert's *in forma pauperis* request.

### III.   CONCLUSION

For the above-referenced reasons, the court will grant Rambert's motion for reconsideration only after construing it as a motion to supplement or amend his previously filed

habeas petition, deny his request for leave to proceed *in forma pauperis*, and dismiss his petition

for habeas corpus relief under section 2254 for lack of subject-matter jurisdiction.[4]

       The court will enter a separate order.

BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

[4] The court will also decline issuing a certificate of appealability because Rambert has not made the requisite "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).